```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Samuel Reynolds, et al.,           :

    Plaintiffs,                    :

    v.                             :    Case No. 2:05-cv-1113

Johnson & Johnson Company,         :    JUDGE GRAHAM
et al.,
                                   :
    Defendants,                    :
  and                                :

Samuel Reynolds, et al.,           :

    Plaintiffs,                    :

    v.                             :    Case No. 2:06-cv-0214

United States of America,          :    JUDGE GRAHAM
et al.,
                                   :
    Defendants,                    :
  and                                :

Shelley Reynolds,                  :

    Plaintiff,                     :

    v.                             :    Case No. 2:06-cv-0743

United States of America,          :    JUDGE SMITH
et al.,
                                   :
    Defendants.

## REPORT AND RECOMMENDATION

    As prior orders of this Court will reflect, this case has essentially been put on hold because of the inability of counsel for any of the parties to contact plaintiff Samuel Reynolds. That problem first became apparent to the Court when plaintiffs

filed a motion to extend the deadline for expert witness disclosures on November 1, 2006.  In that motion, plaintiffs noted that Mr. Reynolds owed written discovery responses to defendant Johnson & Johnson, that Mr. Reynolds had sent a letter to the defendants indicating his desire to discontinue the litigation, and that plaintiffs' counsel had been unable to reach Mr. Reynolds to discuss the matter.  Ultimately, the Court held a status conference to discuss the issue of Mr. Reynolds' apparent abandonment of this litigation and, on January 5, 2007, issued an order staying proceedings in the case until March 5, 2007.  That order required Mr. Reynolds to indicate affirmatively by that date that he wished to proceed with the case and required him to provide his counsel with firm commitments concerning the outstanding discovery and a request for medical releases.  The order further provided that if Mr. Reynolds failed to contact his counsel prior to that date, the case would be dismissed.

     On March 5, 2007, counsel for Mr. Reynolds filed a request for a further extension of the stay.  In that motion, counsel represented that they had been able to obtain an address for Mr. Reynolds in California but upon visiting that residence, they were advised that he had moved, left no forwarding address, and may have gone to Oregon.  Counsel requested additional time to attempt to locate him in Oregon before the Court considered dismissing the case for failure to prosecute.  That request for a further stay has been opposed by the defendants.

     The legal issue before the Court can best be described by posing the following question: how long after a party plaintiff indicates that he wishes to abandon litigation and cuts off all communication with his counsel should the Court wait before concluding that he no longer has an interest in prosecuting the case?  That question may be somewhat complicated by the fact that Mr. Reynolds does suffer from some type of mental difficulty,

although he is not legally incompetent.  For the following reasons, the Court concludes that the period of time which has elapsed in this case is sufficiently long to permit the Court to enter a dismissal for failure to prosecute.

Exhibit 1 to defendants' memorandum in opposition to a further extension is a letter from Mr. Reynolds dated September 29, 2006, or approximately six months ago, indicating that he wished to discontinue all of his lawsuits.  He has apparently not been in contact with his attorney since that time and has moved from Zanesville, Ohio to California and then apparently to Oregon.  Despite their best efforts, counsel has been unable to locate him even to communicate to him the possibility that this case may be dismissed.

There are a number of factors which the Court should, in the exercise of its discretion, take into account in determining whether a case should be dismissed for failure to prosecute.  Those factors include the length of time that the failure has lasted, whether the plaintiff has been notified that his failure to cooperate in litigation may result in dismissal, whether the defendants have been prejudiced by the delay, whether lesser sanctions would be appropriate, and whether a balancing of the need to move the Court's docket against the party's right to be heard favors dismissal.  See Hedvat v. Rothschild, 175 F.R.D. 183, 188 (S.D.N.Y. 1997).  Not all of these factors may be involved in a particular situation, and it is generally true that "apparent abandonment of [the] action warrants the involuntary dismissal of plaintiff's claims."  Design Studio, Inc. v. Compugraphic Corp., 1985 WL 6266 (E.D.N.Y. September 13, 1985).

A number of cases have found that dismissal is warranted when the abandonment of the litigation has persisted for at least six months.  See, e.g., Roach v. Sobal, 1999 WL 108612 (S.D.N.Y. March 2, 1999).  In Chira v. Lockheed Aircraft Corp., 634 F.2d

664, 666 (2nd Cir. 1980), the court affirmed the dismissal of the case after six-month period of inaction but noted that "[w]e have affirmed dismissals in circumstances much less extreme." Consequently, the length of time involved in this case is not so short that dismissal is unwarranted.

Looking at the other Hedvat factors, the Court has done its best to give notice to Mr. Reynolds of the effect of his delay, but he has done his best to avoid receiving such notice by moving several times and failing to keep either the Court or his attorney apprised of a current address.  Given the letter which he wrote indicating his desire to abandon the case, however, it is perhaps not surprising that he has made no effort to keep in touch with counsel or the Court, and he likely believes that the case is no longer pending.  There is evident prejudice to the defendants from the delay because they have been completely unable to conduct any discovery, to obtain medical releases, or to meet the Court-established deadlines in this case.  These same factors indicate prejudice to the Court's ability to create and maintain a schedule in this case.  Finally, the Court does not believe that any lesser sanctions could be imposed because there is no way to notify Mr. Reynolds of those sanctions, and because any sanctions such as precluding him from introducing medical evidence because of his failure to provide medical releases would be tantamount to a dismissal of the claim.

In this case, the Court has exhausted its ability to provide Mr. Reynolds with notice of its intent to dismiss for failure to prosecute.  Although such notice is ordinarily required, see Harris v. Callwood, 844 F.2d 1254 (6th Cir. 1988), that requirement is met if the court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972).  Six months has already elapsed since Mr. Reynolds

notified the defendants of his desire to discontinue the case, and it is not reasonably likely that a further extension of a stay would result in the successful re-establishment of communication between Mr. Reynolds and his attorney.  Under these circumstances, it seems clear that Mr. Reynolds has abandoned this case.  It is therefore recommended that the Court deny any request for a further stay and enter an order dismissing Mr. Reynolds' claims for want of prosecution.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge